OPINION
{¶ 1} Appellant, Charles E. Strong, Jr., appeals his sentence following his guilty pleas to one count of felonious assault and one repeat violent offender specification. We affirm.
 {¶ 2} Appellant was indicted on two counts of attempted felonious assault and one count of attempted aggravated murder. The indictment also included four repeat violent offender specifications. Appellant subsequently pled guilty to one count of felonious assault, a second degree felony, in violation of R.C. 2903.11, and one repeat violent offender specification. The trial court entered a nolle prosequi to the remaining charges.
 {¶ 3} Following a hearing, the trial court sentenced appellant to the maximum term of eight years imprisonment for felonious assault, and five years imprisonment for the repeat violent offender specification, for an aggregate sentence of thirteen years. Appellant appeals from his sentence raising two assignments of error:
 {¶ 4} "[1.] The trial court erred by imposing the maximum sentence upon appellant."
 {¶ 5} "[2.] The trial court erred by imposing a five year sentence as to the repeat violent offender specification."
 {¶ 6} In his first assignment of error appellant argues that the trial court erred by imposing the maximum term of eight years imprisonment for felonious assault. We disagree.
 {¶ 7} R.C. 2953.08(D) provides:
 {¶ 8} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. A sentence imposed for aggravated murder or murder pursuant to sections 2929.02 to 2929.06 of the Revised Code is not subject to review under this section."
 {¶ 9} In the instant case, R.C. 2929.13(F) and 2929.14(A)(2) authorize a sentence of eight years for felonious assault. A review of the record shows that this sentence was jointly recommended by the defendant and the prosecution and imposed by the sentencing judge. Therefore, we are without authority to review this sentence. Appellant's first assignment of error is without merit.
 {¶ 10} In his second assignment of error appellant contends that the trial court erred by imposing a five-year prison term for the repeat violent offender specification. We disagree.
 {¶ 11} R.C. 2953.08(G)(2) sets forth our standard of review. This sections states:
 {¶ 12} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 13} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 14} "(b) That the sentence is otherwise contrary to law."
 {¶ 15} Thus, we must determine whether there is clear and convincing evidence to support the sentence.
 {¶ 16} R.C. 2929.14(D)(2)(b) provides:
 {¶ 17} "If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the offense under division (A) of this section, the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply with respect to the prison terms imposed on the offender pursuant to division (D)(2)(a) of this section * * *:
 {¶ 18} "(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
 {¶ 19} "(ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12
of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense."
 {¶ 20} The trial court imposed the maximum sentence for felonious assault. R.C. 2929.14(A)(2). Thus, we must first determine if the trial court properly concluded that this sentence was inadequate to punish appellant and protect the public from future crime. To make this determination we look to the recidivism factors set forth in R.C. 2929.12(D) and (E).[1]
 {¶ 21} In the instant case the record reveals that appellant was on parole at the time he committed the offense; appellant has a lengthy criminal record both as a juvenile and adult, including convictions for aggravated burglary, assault, and felonious assault; appellant has not responded favorably to previous sanctions; and appellant's virulent diatribe at the close of his sentencing hearing shows that he lacked remorse. The record reveals no evidence showing that appellant is less likely to commit future crimes. R.C. 2929.12(E).
 {¶ 22} The applicable factors indicating a greater likelihood of recidivism outweigh the applicable factors indicating a lesser likelihood of recidivism. Therefore, the trial court correctly determined that the sentence for felonious assault was inadequate to punish appellant and protect the public from future crime.
 {¶ 23} Finally, we must determine whether the trial court properly found that the sentence demeaned the seriousness of the offense. To make this determination we look to the factors set forth in R.C. 2929.12(B) and (C).[2]
 {¶ 24} The record in the instant case shows that the victim suffered serious physical and psychological harm as a result of the offense — appellant stabbed the victim repeatedly with a knife that was ten to twelve inches long; and appellant was the victim's boyfriend. These factors make the conduct more serious. The record reveals no evidence showing that the conduct was less serious. R.C. 2929.12(C).
 {¶ 25} The applicable factors indicating appellant's conduct was more serious than conduct normally constituting the offense outweigh the applicable factors indicating appellant's conduct was less serious. Therefore, the trial court correctly determined that the sentence for felonious assault was demeaning to the seriousness of the offense. Appellant's second assignment of error is without merit.
 {¶ 26} For the foregoing reasons the judgment of the Lake County Court of Common Pleas is affirmed.
Judgment affirmed.
William M. O'Neill and Diane V. Grendell, JJ., concur.
[1] These subsections provide:
{¶ a} "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
{¶ b} "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28
or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.
{¶ c} "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
{¶ d} "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
{¶ e} "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
{¶ f} "(5) The offender shows no genuine remorse for the offense.
{¶ g} "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:
{¶ h} "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.
{¶ i} "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.
{¶ j} "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
{¶ k} "(4) The offense was committed under circumstances not likely to recur.
{¶ l} "(5) The offender shows genuine remorse for the offense."
[2] These subsections provide:
{¶ a} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
{¶ b} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
{¶ c} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
{¶ d} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
{¶ e} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
{¶ f} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
{¶ g} "(6) The offender's relationship with the victim facilitated the offense.
{¶ h} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
{¶ i} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.
{¶ j} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.
{¶ k} "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
{¶ l} "(1) The victim induced or facilitated the offense.
{¶ m} "(2) In committing the offense, the offender acted under strong provocation.
{¶ n} "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
{¶ o} "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."